UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Justin Eric Shaffer,** | : |
| **Plaintiff** | : CIVIL ACTION NO. 1:23-cv-676 |
| v. | : (JUDGE MANNION) |
| **Daryl Bloom, Carlo Marchioli, John C. Gurganus, Amber Porter Wilson, Adam Ives, John L. Richards, Aaron Meyer, and Paul Downey,** | : |
| **Defendants,** | : |

## MEMORANDUM

Magistrate Judge Joseph Saporito, Jr., has issued a Report and Recommendation, (Doc. 43), recommending that Defendants' motions to dismiss, (Doc. 20; Doc. 28), be granted and Plaintiff's Amended Complaint, (Doc. 8), dismissed. Plaintiff has filed a timely objection to the Report. (Doc. 44).

The first of these motions to dismiss was filed by Defendant John L. Richards, (Doc. 20), and the second by Defendants Daryl Bloom, Carlo Marchioli, John Gurganus, Adam Ives, Amber Porter Wilson, Paul Downey, and Aaron Meyer (the "Federal Defendants"). (Doc. 28). Defendant Richards is an officer of the Pennsylvania Game Commission. Defendant Bloom, now

a United States Magistrate Judge, was an Assistant United States Attorney at the time of the alleged events. Defendant Marchioli is an Assistant United States Attorney. Defendant Gurganus is First Assistant United States Attorney. The Complaint alleges that Defendants Wilson and Ives are FBI agents and that Defendants Meyer and Downey are officers of the Department of Defense.

I.   **BACKGROUND**

Plaintiff filed his original compliant in April 2023. (Doc. 1). He filed an Amended complaint that June. (Doc. 8). He then filed a motion to further amend his complaint, (Doc. 11), which was denied because it sought a piecemeal amendment. (Doc. 13). The court granted Plaintiff leave to file a complete second amended complaint and advised that if he did not do so, his first amended complaint, (Doc. 8), would be treated as the operative complaint. (Doc. 13). Plaintiff has not filed a second amended complaint, so his first amended complaint must be treated as the operative complaint. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019).

The Amended Complaint alleges:

Under USC 18, section 242, Deprivation of Rights and Due Process were committed by DCNR, John L. Richards and Paul Downey and Aaron Meyer, the Management of Department of Defense (e.g. NSA Police Mechanicsburg, PA). During Illicit conduct and interview/interrogation scheduled on 9/13/2021, "Kalkines Warning" was Not provided and invasion of privacy was committed by DCNR, PA State Police liason Paul Downey, and FBI, Amber Porter Wilson. Lack of cooperation with unlawful fishing expedition led me to believe my legit police officer position and my continued federal law enforcement work at federal level could be put at stake. Otherwise, shall this unlawful interview been encountered off work environment/place, my 4th, 5th, 6th, 2nd, and the 8th amendments, would have been put in place immediately, with Esquire, from Public Defenders and my known Bill of Rights would've been in place immediately as the recorded tape of 9/13/2021 will indicate/stipulate.

(Doc. 8 at 1–2).

The Complaint brings claims under *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971) and 18 U.S.C. §242. (Doc. 8 at 2). Because it appears to charge a state official with violating Plaintiff's constitutional rights, we construe the complaint as bringing claims under 42 U.S.C. §1983 as well.

His prayer for relief also charges Defendants with "providing false materials made knowingly or by reckless disregard for the truth (100% accurate info," executing a "false misleading affidavit," and conducting an "unlawful FBI investigation." (Doc. 8 at 2). It further mentions "assault and battery committed by CSO's of Middle [District] of PA Marshal's Office that

were ordered by Daryl Bloom to force me out of public facility, of Federal Courthouse, due to his unwillingness to cooperate with my evidence gathering." (Id.).

From what the court can gather, based on Plaintiff's other filings, (Doc. 1; Doc. 44) the central facts are these. In June 2021, Plaintiff was at a shooting range on Pennsylvania state game lands. Defendant Richards, a game warden, approached him and asked for his permit. Plaintiff told Richards that he did not have one, and Richards asked for his identification. Plaintiff, then an employee of the Federal Bureau of Prisons at the United States Penitentiary at Allenwood, showed Richards his BOP card and driver's license. Richards permitted him to stay.

But having mistaken Plaintiff's BOP card for a Federal Bureau of Investigation card, Richards checked Plaintiff's affiliation with the FBI. Finding none, Richards reported the encounter to federal officials, and an investigation was initiated. The FBI conducted an interview of Plaintiff at his place of employment. This interview led to the disclosure of certain disability-related health information with Plaintiff's employer, and these events then led to Plaintiff's termination.[1]

---

[1] In his original complaint, Plaintiff claimed that he was "terminated for disability discrimination." (Doc. 1 at 9).

- 4 -

## II. LEGAL STANDARD

When objections are made to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Pro se filings such as Plaintiff's must be construed liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). That means the court should "remain flexible," and "apply the relevant legal principle even when the complaint has failed to name it." *Id.* It does not mean, however, that pro se litigants may "flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* So "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Rule 8 of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require "detailed factual allegations," but "labels and conclusions" or "naked assertions" without "further factual enhancement" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, "to survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

#### a. Report and Recommendation

The Report explains that 18 U.S.C. 242, a criminal statute, does not afford a private civil cause of action. It next notes that although Plaintiff alleges that Defendants Downey and Wilson did not provide him with a *Kalkines*[2] warning, he does not allege that he was compelled to make incriminating statements, that he was terminated for refusing to do so, or that any statements were used against him in a later criminal prosecution.

As to his Fifth and Fourteenth Amendment Due Process claims, the Report explains that Plaintiff does not allege facts suggesting that he was deprived of a protected liberty or property interest. If further notes, with respect to Plaintiff's constitutional claims against federal officials, that federal courts are hesitant to extend the implied cause of action recognized in *Bivens* to new contexts. *See Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017).

---

[2] This would be a warning that his answers during an administrative investigatory proceeding could not be used against him in later criminal prosecution. *See Kalkines v. United States*, 473 F.2d 1391, 1393 (U.S. Ct. Cl. 1973); *Garrity v. New Jersey*, 385 U.S. 493 (1967).

Construing the Complaint to assert a claim of malicious prosecution, the Report observes that Plaintiff has not alleged that any criminal prosecution was initiated against him, as required for such a claim. *See Johnson v. Knorr*, 477 F,3d 75, 81–81 (3d Cir. 2007). And regarding his Fourth Amendment claims more generally, it observes that Plaintiff does not allege facts suggesting that he was subjected to a search or seizure.

Because the Complaint refers to the Second, Sixth, and Eighth Amendments also, the Report notes that the Complaint lacks factual allegations suggesting infringement of these rights. The Second Amendment protects individuals' self-defense right to "keep and bear Arms." U.S. Const. amend. II; *McDonald v. City of Chicago*, 561 U.S. 742, 749. But Plaintiff has not alleged that any government official interfered with this right. The Sixth and Eighth Amendments protect rights in the context of criminal prosecution and punishment, respectively, U.S. Const. amends. VI, VIII, but there is no allegation of criminal proceedings here.

And as the Complaint mentions the elements of a defamation claim, the Report explains that Defendants enjoy immunity from state-law tort claims. *Osborn v. Haley*, 549 U.S. 225, 229 (2007); 1 Pa. Cons. Stat. §2310; *Boone v. Pennsylvania Office of Vocational Rehabilitation*, 373 F. Supp. 2d 484, 494–95 (M.D. Pa. 2005).

Finally, the Report concludes that, based on the allegations in Plaintiff's Complaint and his other submissions, any further amendment would be futile. It therefore recommends that Plaintiff's claims be dismissed without leave to amend.

### b. Plaintiff's Objections

The Federal Rules of Civil Procedure instruct that objections to a magistrate judge's report and recommendation must be "specific." Fed. R. Civ. P. 72(b)(2). Filing a written objection triggers de novo review, but only of "those portions of the report or specified proposed findings or recommendations to which objections are made." 28 U.S.C. §636(b)(1). Plaintiff has submitted a timely, thirty-three-page document entitled "Objections to Report and Recommendation." (Doc. 44). The court has reviewed this filing carefully but has struggled to find argument specifically responding to the grounds for the Report's conclusions.

Plaintiff's Objections largely neglect the Report. He does question the judiciary's intentions and competency, (Doc. 44 at 3, 9–10, 19, 24), but does not explain how he thinks the Report erred in its legal analysis. His filing instead consists of a diffuse and wandering stream of legal precepts tied loosely to vague factual averments. He makes passing reference to numerous transgressions: for example, Plaintiff seems to assert that he was

subjected to an unlawful detainment, (id. at 2, 5, 8), invasions of privacy, (id. 5, 10, 14), defamation, (id. 5, 7, 10–12, 14, 17, 19, 23–24, 30), discrimination, (id. 6–7, 9, 11–13, 17–18, 23, 25–26, 27–28), an "illicit and harassing investigation," (id. 7–8, 16, 20, 22, 25, 26, 28), extortion, (id. 7, 24), unreasonable searches and seizures, (id. 8–10, 12, 22–23, 26–27, 31), retaliation, (id. 17, 20, 25–26), a hostile work environment, (id. 18, 25), *Miranda* violations, (id. 7, 24), and other constitutional violations. He further seems to allege that officials acted both under color of law and outside the scope of their duties, (id. 9, 11–12, 13, 16, 19), fabricated evidence, (id. 9, 11, 14), and engaged in a "fishing scheme" and unlawful investigation. (id. 6, 17, 26).

But Plaintiff's Amended Complaint does not allege factual matter sufficient to state a plausible claim under any of these theories.

Plaintiff takes repeated issue with the treatment of his requests for the issuance of subpoenas. (Doc. 44 at 2, 6–8, 10, 18). Over the course of this litigation, he has filed multiple subpoena forms, (Doc. 5; Doc. 17-1; Doc. 33-1; Doc. 34-1; Doc. 35-1; Doc. 36-1; Doc. 44-1), seeking to compel discovery from the FBI, the Department of Justice, the BOP, the Department of the Navy, the Pennsylvania Game Commission, and the Pennsylvania State Police. Magistrate Judge Saporito denied Plaintiff's motions for the issuance

- 9 -

of subpoenas. (Doc. 37; Doc. 40; Doc. 42). A district judge may only reconsider these pretrial orders if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A). It has not been shown here that Judge Saporito's orders are clearly erroneous or contrary to law.

Plaintiff also suggests that Defendants' immunity defenses have been "voided." (Doc. 44 at 2–3, 9, 11, 14, 16, 29). He contends that Defendant Richards's immunity is voided by "malfeasance and criminal harassment/defamation/omission statements"; (id. at 2), his "providing an expired inaccurate report, that Invaded my Privacy Rights, Defamed my character, and lead to an unlawful Search (4th Amendment Violation) and then a continuous omission of fabricated cover story to attempt scapegoating cover-up of his illicit and unlawful abuse of power and his duty (i.e., Outside his Scope of Practice)," (id. at 9); "illicit POLICE Harassment," (id. at 11); and "Unlawful Police Misconduct." (Id. at 14). The Report only based its recommendation on immunity with regard to Plaintiff's defamation claim. (Doc. 43 at 11).

Plaintiff makes no argument as to why any Federal Defendant's immunity is void. As to Defendant Richards, the Amended Complaint makes no specific allegations against him. He is mentioned only in the caption and

in the first sentence of Plaintiff's Statement of Claim, which avers that "[u]nder U.S.C. 18, section 242, Deprivation and Due Process were committed by ... John L. Richards." (Doc. 8 at 2). This conclusory assertion is insufficient to state a claim against Defendant Richards.

Plaintiff does not appear to specifically object to the Report's other grounds for dismissal. And as the Report explains, except for his allegation that Defendants Downey and Wilson conducted an "interview/interrogation" and that Defendant Bloom ordered court security officers to eject him from a federal courthouse, the Amended Complaint "contains no factual allegations whatsoever regarding any conduct by any of the named defendants." (Doc. 43 at 6).

"[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend [his] complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The court agrees with the Report and concludes, based on the allegations of the Amended Complaint and Plaintiff's other filings, that any further amendment would be futile.

Specifically, no filings contain specific factual allegations against Defendants Marchioli, Meyer, or Ives. The original complaint alleged that Defendant Gurganus "delegated the investigation to" Marchioli and Bloom.

(Doc. 1 at 7). Plaintiff also alleges that on an unspecified date, Defendant Bloom ordered him ejected from the courthouse. (Doc. 8 at 2). Further amendment of these allegations would be futile, because these federal officials acting in their official capacities would be immune from state-law tort claims, *Osborn*, 549 U.S. at 229 and an implied cause of action against a federal official for constitutional violations is recognized only in strictly limited contexts. *See Egbert v. Boule*, 596 U.S. 482, 490–93 (2022).

The Amended Complaint alleges that Defendants Downey and Wilson conducted an "interview/interrogation" of him on behalf of the FBI, (Doc. 8 at 2), and Plaintiff repeatedly contends that they thereby violated his rights under the Fourth and Fifth Amendments. But again, as Defendants Downey and Wilson are federal officials, who were allegedly acting in that capacity, no implied cause of action would lie against them for alleged constitutional violations. *See Egbert*, 496 U.S. at 490–93.

Finally, amendment of Plaintiff's claims against Defendant Richards would also be futile. State officials "acting within the scope of their duties" enjoy immunity from suit "except as the General Assembly shall specifically waive the immunity." 1 Pa. Cons. Stat. §2310. The General Assembly has waived immunity for claims of damages caused by (1) Vehicle liability; (2) Medial-professional liability; (3) Care, custody, or control of personal

property, (4) dangerous conditions on Commonwealth real-estate; (5) Potholes and other dangerous conditions; (6) Care, custody, or control of animals; (7) Liquor store sales; (8) National Guard activities; and (9) Toxoids and vaccines. 42 Pa. Cons. Stat. §8522(b). Plaintiff's defamation claim does not fall in one of these categories.

Plaintiff asserts that Defendant Richards was acting outside the scope of his duties, (Doc. 44 at 9, 11–13), because Pennsylvania Game Commission officers "are to stay in the woods." (Id. at 11). "[A]n employee's conduct falls within the scope of their employment if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpected by the master." *McGuire v. City of Pittsburgh*, 25 A.3d 887, 892 (Pa. 2022) (quoting Restatement (Second) of Agency §228). "[C]onduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Id.* (quoting §228(2)). But "the mere existence of a personal motivation" does not remove an act from the scope of employment, and "even unauthorized acts may be within the scope of employment 'if they are clearly incidental to

the master's business.'" *Brumfield v. Sanders*, 232 F.3d 376, 380–81 (3d Cir. 2000) (first citing *Eisenberg v. Gagnon*, 766 F.2d 770, 783 (3d Cir. 1985), and then citing *Shuman Estate v. Weber*, 419 A.2d 169 (Pa. Super. Ct. 1980)).

Enforcement officers of the Pennsylvania Game Commission have the duty to "[c]onduct administrative inspections of persons, licenses and permits." 34 Pa. Cons. Stat. §901(a)(8). They also have the duty, when acting within the scope of their employment, to "pursue, apprehend or arrest any individual suspected of violating any provision of Title 18 (relating to crimes and offenses) or any other offense classified as a misdemeanor or felony." §901(a)(17). It is a misdemeanor to "furnish[] law enforcement authorities with false information about [one's] identify after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law." 18 Pa. Cons. Stat. §4914(a).

As alleged in Plaintiff's original complaint, Defendant Richards approached him on state game lands to inspect his permit. Because Plaintiff had no permit, Defendant asked for his identification. Believing that Plaintiff had presented an FBI card, and having confirmed that Plaintiff was not affiliated with the FBI, Defendant pursued investigation of this suspected

offense by notifying federal officials. These actions, even if mistaken, would have been within the scope of his duties. Defendant Richards would therefore be immune from Plaintiff's defamation or other tort claims. And, contrary to Plaintiff's contentions, Defendant's immunity is not "voided" merely because he is alleged to have acted wrongfully. Immunity shields state officials from exactly that: civil claims that they acted wrongfully in executing their official duties.

## IV. CONCLUSION

The court has reviewed the Report and Recommendation of Magistrate Judge Saporito and agrees with its conclusions. It will therefore adopt the Report as the decision of the court. Plaintiff's Objections to the Report will be overruled. Defendants' motions to dismiss will be granted, and Plaintiff's Amended Complaint will be dismissed without leave to amend. Plaintiff's motion to issue a subpoena, (Doc. 45), will be dismissed as moot. An appropriate order will issue.

MALACHY E. MANNION
United States District Judge

DATE: March 1, 2024
23-676-01